IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| FORREST SCOTT SMART,<br><br>Plaintiff,<br><br>vs.<br><br>CONNIE WINNER, ET AL.,<br><br>Defendants. | CV 24-65-H-DLC<br><br>ORDER |

Plaintiff Forrest Smart has moved for an order requiring Defendants to facilitate sperm analysis. (Doc. 39.) Defendants object, in part, and request a stay of discovery. (Doc. 45.) Plaintiff's motion is denied.

Plaintiff requests an order directing the medical staff at Montana State Prison to arrange for an outside provider to conduct a sperm analysis, and to provide transportation to that testing. (Doc. 39 at 1.) This is the subject of a previous order of the Court, in which Plaintiff had sought an order that would extend the deadlines for discovery and would direct that the appointment would be scheduled immediately. (Doc. 31.) As stated in the previous Order, the Court would not order any specifics regarding the testing itself. At the time of that prior Order, the testing appeared to have been recommended or planned by Plaintiff's specialist.

The test has not yet been scheduled, and Plaintiff has been unable to get it

1

arranged through the medical staff at M.S.P. (Plaintiff quotes himself stating to M.S.P. that the testing was "court ordered." (Doc. 39 at 1 – 2.) That is an inaccurate summary of the prior Order, which extended the deadline to accommodate an unknown date for the testing but did not order that it occur. Plaintiff must be careful how he characterizes court orders.) Nonetheless, the dialogue quoted by Plaintiff shows that M.S.P. does not appear to intend to accommodate his desire for this testing.

     The testing may depend on some other medical procedures that his outside urologist has planned, but those procedures depend on Plaintiff losing a certain amount of weight. (Doc. 39 at 3.) Plaintiff now asserts that the outside doctor has moved the goalposts on how much weight he must lose, in an attempt, Plaintiff believes, to delay the time of the procedure until after Plaintiff discharges from M.S.P. The urologist also now appears reluctant to perform a sperm analysis, saying that Plaintiff must only produce a sample and have it sent to a lab. (How that differs from any other prior plan is unknown.) Plaintiff attributes his urologist's change of heart to the fact that the doctor is friends with Defendant Rees and is trying to protect him. (Doc. 39.) Plaintiff cites case law regarding the obligations of doctors to their patients and not the profession. (Doc. 39 at 3 (citing *Hampton v. Schimpff*, 188 F.R.D. 589 (D. Mont. 1999).) Plaintiff asserts that this testing is necessary to prove his damages. Finally, Plaintiff states that he had

2

contacted counsel, and "hopes that a positive response is coming." (Doc. 39 at 4.)

In response, Defendants' counsel has investigated the matter and states that Defendants will facilitate the sperm analysis as it relates to this litigation. (Doc. 45 at 1.) They request, however, a stay of further discovery, pending the outcome of their current motion for summary judgment, which, they contend, will resolve this litigation. They assert that the sperm analysis is not necessary at this phase for Plaintiff's response to the pending motion. (Doc. 45 at 2.)

Accordingly, it is HEREBY ORDERED:

1. Plaintiff's motion for an order is DENIED, subject to renewal. (Doc. 39.) Defendants have agreed to facilitate the testing as part of discovery, if their motion for summary judgment is denied. Further discovery is otherwise STAYED, pending resolution of the motion for summary judgment, unless Plaintiff can demonstrate a need for any particular discovery under Fed. R. Civ. P. 56(d).

2. Plaintiff is directed to file his response to Defendants' motion for summary judgment and accompanying documents by August 15, 2025, or timely file for an extension.

3. At all times, Smart must advise the Court and opposing counsel of any change of address. Failure to do so may result in dismissal of the action without notice to him for failure to prosecute. Fed. R. Civ. P. 41.

DATED this 30th day of July, 2025.

_____
Dana L. Christensen, District Judge