IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| FORREST SCOTT SMART,<br><br>Plaintiff,<br><br>vs.<br><br>CONNIE WINNER, ET AL.,<br><br>Defendants. | CV 24-65-H-DLC<br><br>ORDER |

Defendants filed a motion for summary judgment with supporting documents on July 21, 2025. (Doc. 42.) Defendants did not file the *Rand* notice required by L.R. 56.2 at the time a motion for summary judgment is filed against an incarcerated plaintiff proceeding pro se. After an extension, Plaintiff Forrest Scott Smart filed his responding documents. (Doc. 49, 50, and 51.) In his brief, Smart noted the failure of Defendants to provide the *Rand* notice. (Doc. 50 at 27.) Defendants then filed the notice, approximately five weeks after filing their motion. Smart has now filed a motion seeking denial of Defendants' motion, solely on the grounds of the missing *Rand* notice, pointing out that L.R. 56.2(b) states: "Failure to provide the above Notice and Warning will result in denial of the motion for summary judgment, regardless of whether the motion is fully briefed." The motion will be denied.

The Ninth Circuit takes the *Rand* notice obligation seriously. The notice

1

requirement "effectuates the purpose of the Federal Rules to eliminate procedural booby traps which could prevent unsophisticated litigants from ever having their day in court." *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013). In *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012), the court held "that *Rand* … notices must be served concurrently with motions to dismiss and motions for summary judgment so that pro se prisoner plaintiffs will have fair, timely and adequate notice of what is required of them in order to oppose those motions." *See also Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1159 (9th Cir. 2013) (per curiam) (explaining "[t]he *Rand* notice must issue so that the litigant will receive the motion and the notice reasonably contemporaneously" and holding that although there was a delay in sending the *Rand* notice, it was harmless error).

Smart appears to interpret L.R. 56.2(b) as requiring denial on the merits. More realistically, the motion would be denied without prejudice, subject to renewal with the proper *Rand* notice. Neither party, nor the Court, is served by denying with prejudice a meritorious motion for summary judgment. The end result would be spending greater expense, effort, time, and resources, including empaneling of a jury, and obtaining and paying witnesses, when, all along, the correct legal result was apparent in the motion. That approach is nonsensical. (The parties' briefing on this motion has not yet been reviewed in depth by the Court, so this statement shall be construed to foreshadow any ruling on the motion for

2

summary judgment itself.)

Thus, should the Court deny Defendants' motion on the basis of L.R. 56.2(b), Defendants would be entitled to re-file it, with the proper notice, and Smart would respond again. This approach, unfairly or not, falls more harshly on Smart than on Defendants, due to their resources. The question for Smart, then, is whether the notice provided him any additional information about how he should respond that he did not already have, or whether he would file different briefs or documents in response to the motion.

Smart's situation here is very similar to the plaintiff's in *Labatad*, cited above. *Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1159 (9th Cir. 2013) (per curiam). In that case, the district court granted summary judgment despite a month-late *Rand* notice. By the time the notice was issued, Labatad, like Smart, had already filed his response brief. But Labatad's response, like Smart's, "fully complied with the instructions in the *Rand* notice. The record, objectively viewed, show[ed] that Labatad knew and understood the information in the *Rand* notice before he received it." *Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013). Thus, the district court's ruling, despite the timing of the *Rand* notice, was harmless error.

In light of the state of the law in the Ninth Circuit and the local rule, the appropriate course here is to provide Smart with additional time in which to file

any supplemental materials that he believes he would have filed, had he had a timely *Rand* notice. He is not required to file anything. Defendants' motion will be ruled on after the additional materials, if any, have been submitted.

Accordingly, it is HEREBY ORDERED:

1. Plaintiff's motion is DENIED. (Doc. 53.)

2. Smart may have until September 26, 2025, to file any additional materials in response to Defendants' motion for summary judgment. Defendants may file a reply brief in support of their motion in the time allowed by the Federal Rules, after Smart files his additional materials.

3. At all times, Smart must advise the Court of any change of address. Failure to do so may result in dismissal of the action without notice to him for failure to prosecute.

DATED this 5th day of September, 2025.

_____
Dana L. Christensen, District Judge
United States District Court