IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| FORREST SCOTT SMART,<br><br>Plaintiff,<br><br>vs.<br><br>CONNIE WINNER, ET AL.,<br><br>Defendants. | CV 24-65-H-DLC<br><br>ORDER |

On October 24, 2025, Plaintiff Forrest Scott Smart's case was dismissed. (Doc. 56.) He has now filed a motion for reconsideration and a motion for a Certificate of Appealability. (Docs. 58 and 59.) Both motions are denied.

**I. MOTION FOR RECONSIDERATION**

Motions for reconsideration in the District of Montana are controlled by L.R. 7.3, which requires leave of court prior to filing a motion for reconsideration. The motion for leave must justify the motion for reconsideration because:

> (1) (A) the facts or applicable law are materially different from the facts or applicable law that the parties presented to the court before entry of the order for which reconsideration is sought, *and*
>
> (B) despite the exercise of reasonable diligence, the party applying for reconsideration did not know such fact or law before entry of the order; *or*
>
> (2) new material facts arose or a change of law occurred after entry of the order.

1

D. Mont. L.R. 7.3.

Smart did not comply with L.R. 7.3 and file a motion for leave to file his motion for consideration. Ordinarily, a litigant's failure to comply with L.R. 7.3 would result in summary denial of the motion. However, as Smart is pro se, the motion will be considered on its merits. In the future, if Smart files a motion for reconsideration without complying with the rule, his motion will be denied.

As to the merits, Smart has not provided sufficient grounds to reconsider the Court's prior Order. (Doc. 58.) In essence, Smart disagrees with the Court's interpretation of the facts and the law that applies to his case. Such disagreement is not a ground for a motion for reconsideration under the Local Rule, nor is Smart's interpretation correct. The motion is denied.

## II. MOTION FOR CERTIFICATE OF APPEALABILITY

Smart also moves for a Certificate of Appealability. (Doc. 59.) A Certificate of Appealability relates to an appeal of a denial of a habeas petition and is not relevant to the appeal of a § 1983 case such as Smart's. Rule 11, Rules Governing § 2254 Cases in the United States District Courts. In any event, Smart's appeal has already been docketed by the Ninth Circuit Court of Appeals. (Doc. 60.) Therefore, his motion is denied.

Accordingly, IT IS HEREBY ORDERED:

1.  Smart's motion for reconsideration is DENIED. (Doc. 58.)

2. Smart's motion for a certificate of appealability is DENIED. (Doc. 59.)

DATED this 10th day of November, 2025.

                /s/ Dana L. Christensen
                Dana L. Christensen, District Judge
                United States District Court